## Rossoff v. Stein

Before Flannery, Lewis and Pinola, JJ.

*Edwin H. Sheporwich*, for plaintiff.

*Israel T. Klapper*, for defendant.

FLANNERY, J., July 21, 1950.—This matter comes before the court on preliminary ·objections filed by plaintiff to defendant's answer and new matter. The claim in assumpsit for $1,200 is based on a series of promissory notes, 12·in number, in the amount of $100 each, executed by defendant and delivered to plaintiff.

The answer and new matter set up two separate and apparently inconsistent defenses:

(a) That on or about August 21, 1947, defendant Irving Stein was the owner of all the stock of Irving Stein, Inc., a New York corporation and on that date the corporation filed a petition in bankruptcy; that plaintiff was one of the creditors of bankrupt for the sum of $1,500; that plaintiff refused to agree to a compromise settlement with the corporation in accordance with a creditors' arrangement unless he was "taken care of" personally by defendant, and that the notes in question, representing the difference between the compromise settlement and the amount due plaintiff were secretly given to him by defendant in fraud upon the bankruptcy court, and upon the other creditors; and

(b) that sometime prior to October 20, 1947, plaintiff loaned defendant $1,000 for which security was pledged. On that date, the loan was paid but plaintiff refused to return the security unless defendant gave him notes in the sum of $1,200 as additional payment or interest on the loan. The notes in suit were then delivered to plaintiff, $200 of which represents usurious or illegal interest.

The preliminary objections, which followed, strike at both defenses; they may be summarized as follows:

1. The defense set forth under (a), supra, is not a valid defense.

2. The defenses are inconsistent and contradictory.

3. Copies of the bankruptcy proceedings are not set forth.

4. The date of the $1,000 loan is not set forth.

We shall consider the preliminary objections seriatim.

The first defense reveals a shoddy conspiracy, clearly illegal, and contrary to public policy. It can find no sanction in the law, and whether or not it constitutes a valid defense to plaintiff's claim is a serious question.

It must be remembered that plaintiff's pleading is apparently innocent and regular on its face; it is defendant who seeks to advance his own turpitude in defense. As far back as Evans v. Dravo, 24 Pa. 62, where the obligors on a fraudulent bond sought to shield themselves from liability by alleging their own fraud, our courts have held:

". . . that no man shall be received to allege his own turpitude . . . And no man . . . shall set up his own iniquity as a defense any more than as a cause of action."

As already indicated, suit at bar is based upon an independent cause of action, to wit, the notes, and in discussing the enforcibility of such, it has been said:

". . . the test is whether the contract sought to be enforced can be separated from the illegal acts or contracts relied upon as avoiding it, and whether the plaintiff requires any aid from, or must in any way rely upon, the illegal transaction in order to establish his case": 1 Standard Pa. Practice 367, sec. 91.

But, in all actions the consideration for which a note is given is always a matter of prime interest. That applies particularly to the facts before us since these notes are not under seal nor is it set out in the instruments that any consideration passed to the maker. Had defendant relied on the defense of no consideration which is in effect what he pleads, he would be heard, the entire matter opened up and all the facts disclosed. It cannot be said, therefore, that the contract sought to be enforced is entirely divorced from the illegal acts.

However, there is another and more important reason why the defense as pleaded here must be recognized. Where the public interest is involved the courts will ignore the technicalities of pleading and go to the roots of the matter.

"Public policy, it must be borne in mind, lies at the basis of the law in regard to illegal contracts, and the rule is adopted not for the benefit of the parties, but for the benefit of the public . . . In such cases, the guilt of the respective parties is not considered by the Court which looks only to the higher right of the public, the guilty party to whom the relief is granted being only the instrument by which the public is served": 1 Standard Pa. Practice 368, sec. 92.

We are satisfied that the facts here fit this latter classification. The whole transaction, if true, is highly prejudicial to the public interest. It may be that defendant is the victim of the fraud as much as he is a conspirator in its perpetration, and if we refuse to hear him, we aid plaintiff in carrying out a nefarious purpose. It may be that, in permitting the defense to stand, we give the conspiracy validity as a defense. These factors are beside the point. The paramount interest here is the public welfare and other considerations must give way. Accordingly, the first preliminary objection is dismissed.

The second preliminary objection that the defenses are inconsistent and contradictory is answered by Pa. R. C. P. 1020 (c), which provides:

"Causes of action and defenses may be pleaded in the alternative."

And it is also answered by rule 1030 of the same regulations which provide, inter alia, as to affirmative defenses:

"Any other affirmative defense may be similarly pleaded. (i.e. as 'New Matter') ."

Accordingly, the second preliminary objection is dismissed.

The same disposition must be made of the third and fourth objections. As to the third, that copies of the bankruptcy proceedings are not attached, it is sufficient to say that a specific reference is made to the docket of

the United States District Court for the Southern District of New York, case no. 85213 in bankruptcy, where the originals may be found. This is sufficient. Pa. R. C. P. 1019, secs. (*d*) and (*e*). As to the fourth objection, that there is not set forth the date of the loan referred to in the second defense, the defense of usury, this is technically correct. Only a rough approximation of the date is given. But, the date of payment, the amount of the loan and the amount of the interest are given, so that simple mathematical calculation will fix the exact date the loan was made. We are satisfied that under all the circumstances of this case and these pleadings, such will suffice.

Wherefore, now, July 21, 1950, the preliminary objections are dismissed and plaintiff directed to plead over within 20 days to defendant's answer and new matter.